HAWKINS, Respondent, v. LASELL, et al, Appellants.

(178 N. W. 731.)

(File No. 4642.   Opinion filed July 15, 1920.)

**Pleadings—Bill of Particulars, Sources of Information by Party Demanding;  Effect—Affidavits Supporting Application Parties Should Make—Judicial Discretion in Granting Order.**

It seems a well settled rule that granting or refusing an order requiring a bill of particulars, except where statute gives an absolute right thereto, is matter largely of judicial discretion; that, unless good reason appears why other than parties are better advised as to the facts then the parties' affidavits supporting motion for bill of particulars should be made by the parties; that where the party thus moving has within his control information as ample as those possessed by opposite party, he is not entitled to bill of particulars except in particular instances where sources of information, even though in his possession, are unintelligible to such party and the conditions thoroughly understood by opposing party. So held, where the affidavits of the moving party fail to explain why affidavits of the defendant L and of some officers of defendant corporation were not submitted, no good reason appearing therefor, it appearing that they possess and control sources of information not open to plaintiff.

13—Vol. 43, S. D.

Appeal from Circuit Court, Day County. HON. FRANK ANDERSON, Judge.

Action by J. A. Hawkins, against Silas T. Lasell, S. T. Lasell, doing business as the Waubay Motor Sales Company, and Waubay Motor Sales Company, a corporation. From an order refusing to direct plaintiff to file a bill of particulars, defendants appeal. Affirmed.

*M. C. Lasell,* and *C. C. Bush,* for Appellants.

*Waddel and Dougherty,* for Respondent.

Appellants cited: Washington-Virginia Railway Co. v. Bauknight, 1913-E Am. Cas. 546; Irwin v. Taubman, 30 S. D. 502, 139 N. W. 115; Gordon v. Gordon's Administrator, 1917-D, Ann. Cas. 886; 2 A. L. R. 1621, Annotation.

Respondent cited: 31 Cyc. 585.

WHITING, J. This is an appeal from an order of the trial court refusing to direct plaintiff to file a bill of particulars as to the cause of action set forth in plaintiff's complaint. The affidavits submitted in support of the motion for bill of particulars gave no explanation of why the affidavits of the defendant Lasell and of some officer of the defendant corporation were not submitted, and there does not appear from anything contained in any of the affidavits why such affidavits were not submitted. It appears from the affidavits submitted that there is no reason to suppose that the plaintiff has any greater knowledge of the facts involved herein than have the defendants, or that the plaintiff is possessed of any source of information not open to the defendants. It does appear that the defendants have within their possession and control sources of information not open to the plaintiff—account books which, so far as would appear from anything in the affidavits, are understood by the defendants as well as they are by the plaintiff.

[1-3] It seems to be the well-settled rule that the granting or refusing of an order requiring a bill of particulars, except as to matters wherein the statute gives an absolute right to such a bill, is a matter largely within the discretion of the trial court; that, unless some good reason appears why parties, other than the parties to the action, are better advised as to the facts than such parties, the affidavits in support of a motion for a bill of

particulars should be made by the parties themselves; that where the party seeking the bill of particulars has within his control information or sources of information as ample as those possessed by the other party, he is not entitled to the bill of particulars except in the particular instance of where the source of information, such as books of account and record, even though in the possession of the party seeking the bill of particulars, are unintelligible to such party and the contents thereof understood by the opposing party. 21 R. C. L. 480; 31 Cyc. 567-585.

The order appealed from is affirmed.